1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

YORK GEE AU CHAN,

        Plaintiff,

    v.

NORTH AMERICAN COLLECTORS, INC,
ET AL.,

        Defendants.
_____/

No. C 06-0016   JL

**ORDER DENYING
MOTION TO DISMISS
UNDER FRCP 12(b)(1) and 12(b)(6)**

**(Docket # 10)**

### Introduction

      This Court has original jurisdiction over this case pursuant to the Fair Debt Collection Practices Acvt,15 U.S.C. § 1692, et seq. (hereinafter "FDCPA") and supplemental jurisdiction under the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788, et seq. (hereinafter "RFDCPA").

      All parties consented to the jurisdiction of this Court as provided by 28 U.S.. §636(c) and Civil Local Rule 73.

      The Court considered the written pleadings and oral arguments of counsel and hereby denies the motion. Defendants have confused the standard for dismissal with the standard for summary judgment. They plead insufficiency of the evidence when the only issue is whether Plaintiff has adequately stated a claim upon which relief may be granted in

1   this Court or that this court has jurisdiction because this litigation is distinguishable from

2   litigation which Defendants claim to be the same in state court.

3   **Background**

4       This case was brought by York Gee Au Chan against a debt collection agency,

5   North American Collectors, Inc., and three individuals who operate and manage the

6   collection agency. The Plaintiff alleges various violations of the Fair Debt Collection

7   Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA") and the Rosenthal Fair Debt

8   Collection Practices Act, California Civil Code § 1788, et seq. (hereinafter "RFDCPA"),

9   which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

10  Plaintiff seeks statutory damages, attorney fees and costs under the FDCPA and RFDCPA.

11      This case arises from the initial debt collection letter that was sent to the Plaintiff by

12  the Defendants. The alleged debt stemmed from a disputed credit card charge to an

13  account issued by CitiBank that was used for personal, family or household purposes. The

14  Plaintiff alleges that the initial debt collection letter violates the FDCPA and RFDCPA by

15  misrepresenting the name of the creditor to whom the debt was owed, the amount of the

16  alleged debt, and Plaintiff's rights to request a validation of the alleged debt. The Plaintiff

17  also alleged that the Defendants attempted to collect interest, fees or other charges from

18  the Plaintiff that were not expressly authorized by the agreement creating the alleged debt

19  or otherwise permitted by law.

20  **Analysis**

21      Defendants ask this Court to dismiss Plaintiff's complaint by FRCP 12(b)(6), for

22  failure to state a claim upon which relief may be granted or in the alternative for lack of

23  subject matter jurisdiction, on the grounds that there is a matter involving the same

24  controversy pending in state court in Alameda County. Plaintiff contends that he alleged

25  facts in his Complaint which are legally sufficient to support a claim upon which relief may

26  be granted and that the state court litigation does not involve the same parties or the same

27  claims.

28  **Defendants' Contentions**

1   Defendants contend that Plaintiff presents "no facts" to substantiate that Defendants

2   Larry Simon, Larry Edward Lawson and David R. Semel are the debt collectors responsible

3   for the actions of which he complains. They concede that "North American Collectors" sent

4   the letter to Plaintiff and that Mike Taylor wrote it, but claim there is no evidence the other

5   three defendants "did anything wrong."

6   Defendants contend that Plaintiff's debt was "originally owed to Citibank" for a Visa

7   credit card account, and therefore there is no violation of §1692e for false or misleading

8   representations.

9   Defendants deny any violation of the Fair Debt Collection Practices Act because the

10  letter states the amount of the debt, to whom it was originally owed and that Plaintiff needs

11  to notify their office in writing for verification. Defendants deny that the law requires them to

12  reiterate the "in writing" requirement throughout "the entire paragraph of the letter."

13  Defendants cite a case affirming denial of a debtor's motion for summary judgment on this

14  issue. *Durkin v. Equifax Check Servs.*, 406 F3d 410 (7th Cir. 2005)

15  Defendants also contend that Plaintiff fails to state a claim under California Civil

16  Code section 1788, *et seq.,* the Rosenthal Fair Debt Collection Practices Act, because that

17  law tracks the federal law.  So, if they haven't violated federal law, they haven't violated

18  California law.

19  Defendants also contend that this Court has no jurisdiction over Plaintiff's claim and

20  ask the Court to take judicial notice of a Complaint filed in Alameda County Superior Court

21  naming Plaintiff in this action as a defendant for failing to pay his Citibank Visa credit card

22  account. Defendants claim Chan is just trying to make their lives difficult by filing this

23  federal lawsuit and that the Court should dismiss the federal action for lack of subject

24  matter jurisdiction. Defendants cite a case in which the U.S. Supreme Court held it was

25  proper for a district court to decline to exercise jurisdiction over a complaint filed in federal

26  court, "since another proceeding was pending in a state court in which all the matters in

27  controversy between the parties could be fully adjudicated." *Brillhart, Administrator, v.*

28  *Excess Insurance Company of America*, 316 U.S. 491, 494 (1942)

United States District Court
For the Northern District of California

1   Defendants claim that this case and the state court case arise from the "same exact

2   factual scenario, namely, the collection of a legitimate debt from a debtor who failed to pay

3   his credit card bill," which Defendants contend is "the entire case."

**Plaintiff's Contentions**

5   Plaintiff asks the Court to deny Defendants' motion because they have confused

6   factual sufficiency and legal sufficiency. All Plaintiff needs to show to survive a motion to

7   dismiss is that his claims are legally sufficient.

**Issues**

9   The questions before this Court are:

10   1.  whether Plaintiff in his Complaint states a claim against the three defendants who

11   operate and manage the collection agency North American Collectors; and

12   2. Whether the Complaint states a claim against the defendant collection agency.

13   When reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6),

14   the factual allegations of the complaint are to be taken as true and construed in the light

15   most favorable to the nonmoving party. Generally, the Complaint should not be dismissed

16   unless it appears that Plaintiff can prove no set of facts that would entitle him to relief.

17   **Under the Strict Liability Standard of the FDCPA, Plaintiff Has Plead**

18   **Numerous Violations of the FDCPA, as Seen from the Perspective of the "Least**

19   **Sophisticated Consumer."**

20   To establish a violation of the FDCPA, one need only show that: (1) the plaintiff has

21   been the object of collection activity arising from a consumer debt, (2) the defendant

22   collecting the "debt" is a "debt collector" as defined in the Act, and (3) the defendant has

23   engaged in any act or omission in violation of the prohibitions or requirements of the Act.

24   Plaintiff has pleaded each of these elements: (1) Plaintiff is a consumer, (2) Defendants are

25   debt collectors, and (3) Defendants violated various sections of the FDCPA. Because the

26   FDCPA is a strict liability statute, proof of one violation is sufficient to defeat a motion to

27   dismiss and support summary judgment for a Plaintiff.  In light of this strict liability standard,

28   a consumer need not show intentional conduct by the debt collector in order to be entitled

United States District Court

For the Northern District of California

1   to damages, and there are no unimportant violations. Further, no proof of deception or

2   actual damages is required to obtain statutory remedies.

3       **The Complaint Sufficiently States a Cause of Action Against Defendants David**

4   **Simon, Larry Edward Lawson and David R. Semel.**

5       Defendants argue that "as to Defendants David Simon, Larry Edward Lawson, and

6   David R. Semel, there are absolutely no facts present to substantiate them as the debt

7   collector responsible for the claims raised herein." However, the allegations in the

8   Complaint, which must be taken as true for purposes of this motion, are that each of these

9   Defendants "is a 'debt collector' within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil

10  Code § 1788.2(c)." The Complaint further alleges that each of these Defendants "is liable

11  for the acts of [North American Collectors] because he sets and approves [North American

12  Collectors] collection policies practices, procedures, and he directed the unlawful activities

13  described herein." Finally, the Complaint alleges that "[a]t all times herein mentioned, each

14  of the Defendants was an officer, director, agent, servant, employee and/or joint venturer of

15  his co-defendants, and each of them, and at all said times, each Defendant was acting in

16  the full course and scope of said office, directorship, agency, service, employment and/or

17  joint venture."

18      The Complaint alleges facts sufficient to establish liability under the FDCPA and

19  RFDCPA as to Defendants, David Simon, Larry Edward Lawson and David R. Semel.

20  Therefore, Plaintiff's Complaint states a cause of action against each of these Defendants.

21      **The Complaint Sufficiently Alleges that Defendants Misrepresented the**

22  **Amount of the Alleged Debt, in Violation of 15 U.S.C. § 1692e(2)(A).**

23      Defendants argue, "The letter specifically states the amount of debt as $3,448.66

24  assigned with a current balance with interest at $6,937.66. The matter is a debt originally

25  owed to Citibank bearing the account number for the Visa credit card therein. Therefore,

26  there is no violation of this statute present."

27      The allegations in the Complaint, which must be taken as true for purposes of this

28  motion, are that "Defendants misrepresented the character, amount, or legal status of the

United States District Court

For the Northern District of California

1  alleged debt in the collection letter." These allegations parallel the language of 15 U.S.C. §

2  1692e(2)(A), and therefore must be sufficient to state a claim for which relief could be

3  granted by this Court.

4      Although Defendants imply that the amount stated in the collection letter is in fact the

5  correct amount, such an allegation cannot be considered in a motion under Fed. R. Civ. P.

6  12(b)(6) which tests only the legal sufficiency, and not the ultimate believability, of the

7  allegations in the Complaint. Plaintiff has alleged that Defendants misrepresented the

8  amount of the debt being collected. This states a violation of 15 U.S.C. § 1692e(2)(A).

9  Therefore Defendants' motion to dismiss must fail as to this issue.

10      **The Complaint Sufficiently Alleges that Defendants Attempted to Collect**

11  **Interest, Fees or Other Charges That Were Not Expressly Authorized by the**

12  **Agreement Creating the Alleged Debt or Otherwise Permitted by Law, in**

13  **Violation of 15 U.S.C. § 1692f(1).**

14      Defendants argue, "In this case, [sic] account specifically authorizes interest at the

15  rate of 24.99 percent per annum." Defendants apparently believe that this "fact" not found

16  in the Complaint is sufficient to dismiss this claim. The allegations in the Complaint, which

17  must be taken as true for purposes of this motion, are that "Defendants attempted to collect

18  interest, fees, or other charges from Plaintiff that were not expressly authorized by the

19  agreement creating the alleged debt or otherwise permitted by law in the collection letter."

20  These allegations parallel the language of 15 U.S.C. § 1692f(1), and therefore must be

21  sufficient to state a claim for which relief could be granted by this Court. The Plaintiff in this

22  case has alleged that Defendants attempted to collect interest or fees or other charges that

23  were not owed. This is exactly the type of claim that the FDCPA and RFDCPA were

24  designed to address.

25

26      **The Complaint Sufficiently Alleges That Defendants Failed to Disclose the**

27  **True Amount of the Debt Being Collected in Their First Written Notice to the**

28

United States District Court

For the Northern District of California

1    **Plaintiff, in Violation of 15 U.S.C. § 1692g(a)(1).**

2        Defendants argue that "Obviously, the amount of the debt is contained in the letter,

3    and therefore, there is no violation of [15 U.S.C. § 1692g](a)(1)." Defendants apparently

4    contend that as long as an amount—any amount—is stated in the first collection letter,

5    there can be no violation of 15 U.S.C. § 1692g(a)(1). This is not the law.

6        The allegations in the Complaint, which must be taken as true for purposes of this

7    motion, are that "the collection letter (Exhibit "1") fails to disclose the amount of the debt

8    being collected as required by 15 U.S.C. § 1692g(a)(1)." Merely because the Defendants

9    stated an amount in the collection letter, this alone does not indicate whether the amount

10   stated is actually the correct amount owed by the Plaintiff or the amount that the

11   Defendants were actually attempting to collect from the Plaintiff. A debt collector violates 15

12   U.S.C. §1692g(a)(1) if its first collection letter fails to make "a full and complete disclosure

13   of the amount of the debt owed by Plaintiff."

14       Plaintiff argues that incorrectly stating the amount due must constitute at least as

15   great a failure to make a full and complete disclosure, as disclosing no amount at all.

16   **The Complaint Sufficiently Alleges that Defendants Failed to Send the Plaintiff**

17   **a Written Notice Containing the Name of the Current Creditor to Whom the Alleged**

18   **Debt Was Owed, in Violation of 15 U.S.C. § 1692g(a)(2).**

19       Defendants argue that "the name of the credit [sic] to whom the debt is owed is

20   stated to be Citibank on the letter. As such, no violation has occurred."

21       The allegations in the Complaint, which must be taken as true for purposes of this

22   motion, are that "on a date unknown to the Plaintiff, the alleged debt was sold, assigned, or

23   otherwise transferred to Unifund CCR Partners." The Complaint also alleges that this

24   assignment of the alleged debt occurred before the Defendants' initial collection letter was

25   sent to Plaintiff. Therefore, the Complaint alleges that the true creditor to whom the alleged

26   debt was owed at the time the collection letter was sent was Unifund CCR Partners, not

27

28   Citibank. Because Defendants' initial collection letter failed to name Unifund CCR Partners

1    as the current creditor, Plaintiff's Complaint states a claim for violation of 15 U.S.C. § 1692g(a)(2).

2    **Defendants Failed to Send the Plaintiff a Written Notice Containing a**

3    **Statement That If the Plaintiff Notifies the Defendants in Writing Within Thirty Days**

4    **from Receipt of the Collection Letter That the Alleged Debt, or Any Portion Thereof,**

5    **Is Disputed, the Defendants Would Obtain Verification of the Alleged Debt and That a**

6    **Copy of the Verification Would Be Mailed to the Plaintiff, in Violation of 15 U.S.C. §**

7    **1692g(a)(4).**

8    Defendants argue that "the letter specifically provides, 'if you notify this office in

9    writing within 30 days after received this notice, . . . .' As such, there is just no violation of

10   this provision. The Debtor may attempt to argue that the 'in writing' portion of the notice is

11   not present throughout the entire paragraph of the letter. However, the 'in writing'

12   requirement of the notice does not amount to a violation of the above-cited statute if it is not

13   present in the letter pursuant to current case law."

14   Defendants' initial collection letter to the Plaintiff (a copy of which is attached to the

15   Complaint as Exhibit "1") reads in relevant part as follows:

16   "Unless you notify this office within 30 days after receiving this notice that you
      dispute the validity of this debt or any portion thereof, this office will assume this

17   debt is valid. If you notify this office within 30 days from receiving this notice, this office
      will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of

18   such judgment or verification. If you request this office in writing within 30 days after
      receiving this notice, this office will provide you with the name and address of the original

19   creditor, if different from the current creditor."

20
21   The first sentence quoted above provides the notice required by 15

22   U.S.C.§1692g(a)(3), and the third sentence provides the notice required by 15 U.S.C. §

23   1692g(a)(5). Therefore, the second sentence must be intended to provide the notice

24   required by 15 U.S.C. § 1692g(a)(4).  However, it fails for two reasons. First, this sentence

25   fails to inform the consumer that he must dispute the debt *in writing* to preserve his right to

26   receive verification of the debt. Second, the sentence fails to notify the consumer that any

27   portion of the debt can be disputed to trigger the right to receive a verification.

     As to the first violation, the court in *McCabe v. Crawford & Company*,  found a

28   violation of § 1692g(a)(4) in a collection letter that read in relevant part:

1

2

> Unless we hear from you within thirty (30) days after the receipt of this letter disputing this claim, Federal Law provides that this debt will be assumed to be valid and owing. In the event you contact us and dispute the charges owed, we will promptly furnish you with any and all documentation to substantiate the claim."

3

*Id.* 272 F. Supp. 2d 736, 738 (N.D. Il. 2003).

4

5    The court held that:

6    Section 1692g(a) dictates that the debt collector shall send the consumer a written

7    notice stating that upon written notification of a dispute, verification must be provided by the

8    debt collector. 15 U.S.C. § 1692g(a)(4). [Debt collector] correctly asserts that § 1692g(a)(4)

9    does not expressly prevent the debt collector from providing verification of the debt upon

10   oral notification of the dispute. However, [debt collector] misses the point of the protection

11   found in § 1692g(a)(4). Although a debt collector may provide verification upon oral

12   notification, the debt collector must provide verification upon written notification. If the debtor

13   gives only oral notification of the dispute, the FDCPA imposes no requirement on the debt

14   collector to obtain verification of the debt. *See Fasten v. Zager*, 49 F. Supp. 2d 144, 149

15   (E.D.N.Y. 1999) (holding that the debt collector was not required to obtain verification upon

16   oral notification of the dispute). Thus, by omitting the words "in writing," [debt collector] did

17   not effectively convey to the consumer his rights under the FDCPA and thus violated the

18   Act. *Id.* at 743.

19   As to the second violation, the Ninth Circuit in *Baker v. G.C. Servs. Corp.*, 677 F.2d

20   775 (9th Cir. 1982) found a violation of § 1692g(a)(4) in a collection letter that read in

21   relevant part:

22        Verification of this debt, a copy of judgment or the name and address of the

23        original creditor, if different from the current creditor, will be provided if

24        requested in writing within 30 days. Otherwise, the debt will be assumed to be

25        valid.

26

27

28   The court held that "the clear language of the statute explicitly requires that a debtor

shall be given notice that he may "dispute the validity of the debt, or any portion thereof . . .

United States District Court

For the Northern District of California

**United States District Court**
For the Northern District of California

."  15 U.S.C. § 1692g(a)(3). "In construing a statute we are obliged to give effect, if possible, to every word Congress used." *Reiter v. Sonotone Corp.*, 442 U.S. 330, 339, 99 S. Ct. 2326, 2331, 60 L. Ed. 2d 931 (1979). Congress clearly required the notice to inform the debtor that he could dispute any portion of the debt. *Id.* at 778.

Defendants purport to quote a passage from *Durkin v. Equifax Check Servs.*, 406 F.3d 410 (7th Cir. 2005), which they argue supports their proposition that in addition to "the 'in-writing' language contained in the letter, the letter also provides the address of the debt collector and a toll free number to call in the third paragraph. This is analogous with the above-cited case. As such, there just is no violation of this statute." This case is not remotely on point. The language "quoted" by the Defendants—which appears nowhere in the actual case—quite clearly refers to alleged violations of 15 U.S.C. § 1692f—not §1692g(a)(4).

Moreover, the issue in *Durkin* was whether subsequent collection letters overshadowed and contradicted a valid § 1692g(a) notice found in the first collection letter.

The central holding of the case is found in the following passage.

[P]ursuant to § 1692g(a), a debt collector must include a validation notice in its initial communication to the debtor or must send a validation notice within five days of its initial communication (unless the debtor has paid the debt by that juncture). See 15 U.S.C. § 1692g(a).

Equifax complied with the language in its initial letter. Once that requirement is satisfied, § 1692g(a) does not mandate that further validation notices be sent. Nonetheless, the plaintiffs point out that a "debt collector may not overshadow or contradict [the validation notice] with other messages sent . . . within the validation period." To avoid such overshadowing or contradiction, the plaintiffs argue that Equifax should have reiterated or referred to the validation notice in its follow-up collection letters. However, there is no need for such a blanket rule. While some follow-up letters may certainly go over the line, in general, not every follow-up letter demanding payment during the validation period overshadows or contradicts a validation notice; thus, not every follow-up letter sent during the validation period must automatically reiterate the safe-harbor validation notice, refer back to that

**United States District Court**

For the Northern District of California

1   notice, or remind debtors about the validation period and the time remaining in that

2   period. Therefore, the mere absence of any such reiterations and reminders in the

3   follow-up collection letters does not alone generate an unacceptable level of

4   confusion so as to warrant summary judgment for the plaintiffs. Rather, the matter

5   turns on whether the specific text contains any impermissible overshadowing or

6   contradiction with respect to the validation notice.

7   *Id.* at 417.

8        In the present case there was no valid § 1692g(a) notice in the first collection letter

9   and the Plaintiff is not arguing that subsequent collection letters overshadow the initial

10  validation notice.

11       **Because the California RFDCPA Incorporates Most of the Provisions of the**

12  **Federal FDCPA by Reference, a Determination That Defendants Violated the**

13  **FDCPA Supports an Additional Award of Statutory Damages Under the RFDCPA.**

14       The Defendants correctly note that "The provisions of the California Civil Code

15  Sec.1788 et. seq. incorporated the federal provisions."  Defendants argue that the

16  Complaint does not properly allege any violations of the FDCPA; therefore, it cannot allege

17  any violations of the RFDCPA. However, as shown above, the Complaint properly alleges

18  several violations of the FDCPA; therefore, it also properly alleges violations of the RFDCPA

19  which has incorporated the FDCPA by reference.

20       **The Claims Made by the Plaintiff in this Case Are Not Part of Any Other**

21  **Litigation Between the Parties in this Case.**

22       Defendants argue that there is a case pending in the Superior Court of the State of

23  California, County of Alameda in which the same subject matter is being litigated.

24  Defendants further request that the Court take judicial notice of the Complaint filed in that

25  state court case, claim that a copy of the state court Complaint is attached to their motion

26  which it was not, and suggest that this Court lacks subject matter jurisdiction to hear this

27  case.

28       Defendants have ignored the fact that the parties to the state court collection case

are not the same as the parties to this action. In the state court case, Unifund CCR Partners

1  is attempting to collect a disputed debt that they claim was assigned to it by Citibank. This

2  case involves alleged violations of the FDCPA committed by a collection agency collecting

3  on behalf of Unifund CCR Partners.

4       Whether or not the Plaintiff in this case will ultimately be found to owe the debt to

5  Unifund CCR Partners in the state court case has nothing to do with this collection agency's

6  violations of state and federal debt collection laws. Although Defendants cite

7  authority that a federal district court should not engage in "gratuitous interference with the

8  orderly and comprehensive disposition of a state court litigation," the disposition of this

9  FDCPA case will not affect the state court litigation one way or another.

10  **CONCLUSION**

11       The Complaint filed in this case properly alleges a number of violations of the FDCPA

12  and RFDCPA, any one of which exposes all named Defendants to liability.

13       This Court must accept the factual allegations of Plaintiff's Complaint as true and

14  should find that the facts as alleged are legally sufficient to support claims upon which relief

15  may be granted in this Court. Furthermore, the substance of the litigation in this Court is

16  essentially different from the litigation in state court, both as to the parties and the subject

17  matter.

18       Therefore, Defendants' motion to dismiss pursuant to FRCP 12(b)(1) for lack of

19  subject matter jurisdiction, or under 12(b)(6) for failure to state a claim upon which relief may

20  be granted, is denied.

21       IT IS SO ORDERED.

22  DATED: March 24, 2006

24  James Larson
Chief Magistrate Judge

United States District Court
For the Northern District of California